No. 24-1265

# UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT

CENTRAL MAINE POWER COMPANY; VERSANT POWER; ENMAX CORPORATION; MAINE PRESS ASSOCIATION; MAINE ASSOCIATION OF BROADCASTERS; JANE P. PRINGLE, individually and in her capacity as a registered voter and elector; KENNETH FLETCHER, individually and in his capacity as a registered voter and elector; BONNIE S. GOULD, individually and in her capacity as a registered voter and elector; BRENDA GARRAND, individually and in her capacity as a registered voter and elector; LAWRENCE WOLD, individually and in his capacity as a registered voter and elector,

*Plaintiffs-Appellees*,

v.

MAINE COMMISSION ON GOVERNMENTAL ETHICS AND ELECTION PRACTICES; WILLIAM J. SCHNEIDER, in his official capacity as Chairman of the Maine Commission on Governmental Ethics and Election Practices; DAVID R. HASTINGS, III, in his official capacity as a Member of the Maine Governmental Ethics and Election Practices; SARAH LECLAIRE, in her official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; DENNIS MARBLE, in his official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; STACEY D. NEUMANN, in her official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; AARON M. FREY, in his official capacity as Attorney General for the State of Maine,

*Defendants-Appellants*.

On Appeal from The United States District Court, District Of Maine, Case No. 1:23-Cv-00450-NT, Honorable Nancy Torresen, U.S. District Judge

**MOTION ON BEHALF OF PROPOSED *AMICI CURIAE* CORPORATE AND SECURITIES LAW EXPERTS FOR LEAVE TO FILE A REPLY**

Shannon Liss-Riordan (C.A.B. 77877)
Jack Bartholet (C.A.B. 1211802)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000

Boston, Massachusetts 02116
Telephone: (617) 994-5800
sliss@llrlaw.com
jbartholet@llrlaw.com

Proposed *Amici*, Corporate and Securities Law Experts, respectfully move this Court to grant leave to file the attached brief reply to Appellees' opposition to their motion for leave to file an amicus brief pursuant to Federal Rules of Appellate Procedure 29(a) and 27(a).[1]

Proposed *Amici* believe it necessary to file this brief reply to more fully explain their error in originally representing to this Court that all parties consented to the filing of their amicus brief, which was not — as Appellees' claim — some effort to mislead this Court or game the system but rather was the product of an honest miscommunication.

As set forth more fully in the attached declaration from counsel,[2] a simple misunderstanding led counsel to believe that all parties had consented to the filing of Proposed *Amici*'s brief when it was, in fact, all individual listed *amici* that had approved of the final brief.

Because this additional information is crucial for understanding why this otherwise timely amicus brief contained the erroneous statement, leave should be granted to file this Reply. More fundamentally, because Appellees' Opposition

---

[1] The undersigned counsel contacted all parties today to seek their assent to this motion for leave to file a reply. All Appellants assented to this motion. Counsel for Appellee Central Maine Power Company responded that they do not assent. Counsel for other Appellees did not respond.

[2] *See* Declaration of Jack Bartholet, Esq., attached hereto as Ex. A.

speciously argues that Proposed *Amici* or their counsel "ma[de] a material misrepresentation to the Court" and "[f]ail[ed] to abide by the duty of candor" that "[t]he rules of professional responsibility impose upon attorneys," leave to file this short Reply to clear the record is even more paramount and justified.

Finally, this Reply is important for clarifying the timeline of events to underscore that this brief is not, as Appellees argue, untimely in any sort of prejudicial way; Proposed *Amici* simply seek leave to file an identical brief (save for fixing a single error in the case caption and the footnote indicating all parties' consent) to the one that was filed within the deadline on June 17, 2024 and has been in their possession since then.

Because good cause exists to allow this brief to be filed *nunc pro tunc* as of the date of its original submission, and because it is necessary to correct the erroneous assumptions contained in Appellees' Opposition, Proposed *Amici* respectfully request this Honorable Court's leave to file the attached Reply[3] in support of their motion for leave to file an *amicus* brief.

---

[3] Attached hereto as Ex. B.

Dated: June 26, 2024

Respectfully submitted,

PROPOSED *AMICI CURIAE* CORPORATE AND SECURITIES LAW EXPERTS

By their attorneys,

*/s/ Shannon Liss-Riordan*
Shannon Liss-Riordan, CAB # 77877
Jack Bartholet, CAB # 1211802
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
sliss@llrlaw.com
jbartholet@llrlaw.com

# UNITED STATES COURT OF APPEALS

## For the First Circuit
## Appeal No. 24-1265

_____

## Certificate of Compliance With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

_____

1. This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 426 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point.

>   */s/ Shannon Liss-Riordan*
>   Attorney for *Amici Curiae*

Dated: June 26, 2024

# UNITED STATES COURT OF APPEALS

## For the First Circuit
## Appeal No. 24-1265

_____

## Certificate of Service

_____

I hereby certify that, on June 26, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Shannon Liss-Riordan
Attorney for *Amici Curiae*

Dated: June 26, 2024

# Exhibit A

# UNITED STATES COURT OF APPEALS
# FOR THE FIRST CIRCUIT

| | |
|---|---|
| CENTRAL MAINE POWER COMPANY, *et al.*,<br><br>　　Plaintiff-Appellants,<br><br>　　v.<br><br>MAINE COMMISSION ON GOVERNMENTAL ETHICS AND ELECTION PRACTICES, *et al.*,<br><br>　　Defendant-Appellee. | Case No. 24-1265 |

## DECLARATION OF JACK BARTHOLET, ESQ.

I, Jack Bartholet, state the following based upon my own personal knowledge and belief:

1. I reside in Boston, Massachusetts.

2. I am an attorney working at the firm of Lichten & Liss-Riordan, P.C.

3. I, along with other counsel, represent the Proposed *Amici Curiae* Corporate and Securities Law Experts in the above-captioned matter.

4. While drafting the underlying *amicus* brief, a miscommunication led me to believe that all parties had consented to the filing of this brief. In actuality, it was all individual *amici* that had approved of the final brief.

5. This resulted in the filing of an *amicus* brief that erroneously stated that all parties had consented to its filing.

6. This error was in no way deliberate nor intended to mislead in any way.

7. This brief was filed on June 17, 2024, within the time allotted by Fed. R. App. P. 29(a)(6).

8. The next day, on June 18, 2024, the Court entered an order informing the parties that this brief was "non-compliant because the caption on the front cover of the brief does not match the caption used by the court" and providing, "A corrected amicus brief must be filed no later than **June 25, 2024**."

9. On June 22, 2024, Proposed *Amici*, through counsel, filed a corrected brief that was identical to the originally filed brief, save for correcting the caption.

10. On June 24, 2024 — seven days after Proposed *Amici* originally filed their brief — counsel for Appellees contacted me by email, writing, *inter alia*, "CMP has neither received a request to consent to filing of the brief by the various individuals you represent nor granted consent for the filing."

11. Immediately upon receiving this email and learning of our error, I apologized to counsel for Appellees, explained that it was due to an internal miscommunication, and informed counsel that we would be withdrawing the brief and seeking the Court's leave to refile it.

12. Immediately thereafter, I filed the underlying motion with this Court to withdraw our brief and instead seek leave, *nunc pro tunc*, to file the brief without the erroneous sentence in Footnote 1.

13. On June 25, 2024, I received Appellees' opposition to this motion, wherein they write, "Counsel for CSLE did not provide any explanation for the false statement in the brief," that "CSLE has not explained its misrepresentation regarding Appellees' consent, other than to blame an unspecified 'miscommunication' [and g]iven that CSLE never communicated with Appellees, this excuse lacks merit," and that "[f]ailure to abide by the duty of candor casts substantial doubt on the reliability and usefulness of a putative amicus brief." Appellees' Opp. ¶¶ 5, 13, 14.

14. Upon receipt of this Opposition, I wrote the following to all counsel in this case providing a fuller explanation of the error and seeking their consent to file the *amicus* brief, or alternatively, their assent to this motion for leave to file a Reply to explain our error.

15. Counsel for all Appellants responded that they consent to the filing of the brief, as well as to this motion for leave to file a Reply.

16. Counsel for Appellee Central Maine Power Company simply responded, "We do not consent." Counsel for the other Appellees did not respond.

17. The brief affixed to Proposed *Amici*'s motion for leave to file an *amicus* brief is in all respects identical to the brief filed on June 17, 2024, save for correcting the cover page caption, deleting the erroneous statement about all parties consenting, and adjusting the word count in the Certificate of Compliance accordingly.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 25, 2024 in Boston, Massachusetts.

_____
Jack Bartholet, Esq.

# Exhibit B

No. 24-1265

# UNITED STATES COURT OF APPEALS FOR
# THE FIRST CIRCUIT

CENTRAL MAINE POWER COMPANY; VERSANT POWER; ENMAX CORPORATION; MAINE PRESS ASSOCIATION; MAINE ASSOCIATION OF BROADCASTERS; JANE P. PRINGLE, individually and in her capacity as a registered voter and elector; KENNETH FLETCHER, individually and in his capacity as a registered voter and elector; BONNIE S. GOULD, individually and in her capacity as a registered voter and elector; BRENDA GARRAND, individually and in her capacity as a registered voter and elector; LAWRENCE WOLD, individually and in his capacity as a registered voter and elector,

*Plaintiffs-Appellees*,

*v.*

MAINE COMMISSION ON GOVERNMENTAL ETHICS AND ELECTION PRACTICES; WILLIAM J. SCHNEIDER, in his official capacity as Chairman of the Maine Commission on Governmental Ethics and Election Practices; DAVID R. HASTINGS, III, in his official capacity as a Member of the Maine Governmental Ethics and Election Practices; SARAH LECLAIRE, in her official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; DENNIS MARBLE, in his official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; STACEY D. NEUMANN, in her official capacity as a Member of the Maine Commission on Governmental Ethics and Election Practices; AARON M. FREY, in his official capacity as Attorney General for the State of Maine,

*Defendants-Appellants*.

On Appeal from The United States District Court, District Of Maine, Case No. 1:23-Cv-00450-NT, Honorable Nancy Torresen, U.S. District Judge

**REPLY ON BEHALF OF PROPOSED *AMICI CURIAE* CORPORATE AND SECURITIES LAW EXPERTS IN SUPPORT OF THEIR MOTION FOR LEAVE TO FILE AN AMICUS BRIEF**

Shannon Liss-Riordan (C.A.B. 77877)
Jack Bartholet (C.A.B. 1211802)
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston Street, Suite 2000

Boston, Massachusetts 02116
Telephone: (617) 994-5800
sliss@llrlaw.com
jbartholet@llrlaw.com

Proposed *Amici*, Corporate and Securities Law Experts, submit this brief Reply in support of their motion for leave to file an *amicus* brief to respond to Appellees' arguments in opposition.[4] In short, this Court should grant Proposed *Amici*'s motion and consider the meritorious arguments in their brief.

In their opposition, Appellees did not contest the immense importance of the issues addressed in the underlying proposed amicus brief, Proposed *Amici*'s unquestionable expertise in the relevant legal fields, or their pure interests in submitting this brief. In other words, Appellees did not contest "the movant[s'] interest[s]" or "the reason[s] why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3). This is unsurprising: Proposed *Amici* are renowned experts in the fields of corporate and securities law, and their brief offers insights of paramount importance as this Court reviews the lower court's decision invalidating on constitutional grounds a crucial statute aimed at preventing foreign interference in Maine elections.

Instead, Appellees solely object to the timeliness of the motion for leave, arguing: "Under Fed. R. App. P. 29(a)(6), the Motion for leave is untimely. The deadline for complying with Rule 29(a)(2) expired June 17, 2024." Appellees'

---

[4] Proposed *Amici* and their counsel wish to convey their sincere regrets and apologies to this Court that their oversight has caused such a distraction from the merits of this case.

1

Opp. ¶ 7. And while Appellees seem to implicitly concede that this brief was substantially submitted within the prescribed timeline, they rely upon aspersions that Proposed *Amici* failed in their ethical obligations by originally submitting a brief that erroneously stated that all parties consented to its filing. *Id.* ¶¶ 12–14 ("Although the Court 'usually' welcomes amici submissions, *Mass. Food Ass'n v. Mass. Alcoholic Beverages Control Comm'n*, 197 F.3d 560, 567 (1st Cir. 1999), there is little reason to do so when the proposed brief is untimely because it initially contained a misrepresentation regarding the basis for filing the brief…. The Court should not permit the filing of an amicus brief where the putative 'friends of the court' make a material misrepresentation to the Court….Failure to abide by the duty of candor casts substantial doubt on the reliability and usefulness of a putative amicus brief.").

But contrary to Appellees' allegations, it was a simple miscommunication — and not a violation of Mass. R. Prof'l Conduct 3.3 or some other nefarious motive as Appellees allege[5] — that caused the brief to contain the erroneous sentence. Indeed, while this was a serious oversight, counsel has scrupulously complied with their ethical obligations. *See* Mass. R. Prof'l Conduct 3.3(a)(1) (emphasis added) ("A lawyer shall not knowingly [ ] make a false statement of fact or law to a

---

[5] *See* Appellees' Opp. ¶ 14 (citing Mass. R. Prof'l Conduct 3.3).

tribunal *or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer*.").

As explained in the motion to file this Reply, this mistake was the product of a *bona fide* miscommunication. This miscommunication led counsel to believe that all parties to this litigation had consented to the brief's filing, when it was actually all individually listed *amici* that had consented to the brief's filing. *See* Ex. A. There was no intent to deceive or game the system, and as soon as this mistake was brought to their attention by Appellees' counsel — seven days after the brief with the erroneous footnote was initially filed — Proposed *Amici* and their counsel immediately corrected their error and sought to remedy it by withdrawing their tendered brief and instead seeking leave to file it under Fed. R. App. P. 29(a)(2).

More importantly, while Appellees' sole objection is that this motion for leave to file the *amicus* brief *nunc pro tunc* is beyond the initial period contemplated by the Federal Rules of Appellate Procedure — though well within the extended period granted by order of the Court to file "[a] corrected amicus brief" to remedy the incorrect caption of the original filing — Appellees have not argued that they are in any way prejudiced by this error. They are not. They have had this brief since June 17 — within the afforded time period for the filing of an amicus brief — and did not contact Proposed *Amici* about their oversight until seven days after the initial deadline for filing an *amicus* brief expired.

3

Accordingly, it was not the *amicus* brief that was ostensibly untimely; rather, it is the *form* by which this brief arrived at the Court — consensually rather than by leave — to which Appellees object. Rule 29(a)(6) provides that while normally "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed[,]…[a] court may grant leave for later filing, specifying the time within which an opposing party may answer." Fed. R. App. P. 29(a)(6). Here, given the good faith of all parties, the utter lack of prejudice to any party, the honest miscommunication at issue, and the immense importance of Proposed *Amici*'s expert perspective in this constitutional case, this Court should exercise its discretion under Fed. R. App. P. 29(a)(6) to allow this motion and brief to be filed *nunc pro tunc*. *See generally Fry v. Exelon Corp. Cash Balance Pension Plan*, 576 F.3d 723, 725 (7th Cir. 2009) (Easterbrook, J.) ("The court has discretion to accept an untimely filing when the value of the potential *amicus* brief justifies the inconvenience of requiring the judges to review a case multiple times."). Furthermore, assuming the Court considers this motion untimely, good cause exists to allow this motion. As Judge Keeton, former chair of the Standing Committee on Rules of Practice and Procedure of the Judicial Conference of the United States once explained:

> [A] court may set aside an entry of default "for good cause shown." In this case inadvertent and unintentional problems of communication

resulted in defendants' failure to file their answer by the time agreed upon, even though the answer had been timely prepared. There is no indication that plaintiff has been prejudiced by the delay. Nor is there any indication that defendants and their counsel have acted in bad faith. In these circumstances, and in light of the policy favoring resolution of disputes on the merits, I conclude that it is appropriate to set aside the entries of default and deny plaintiff's motion for default judgment.

*Debreceni v. Route USA Real Est., Inc.*, 773 F. Supp. 498, 499 (D. Mass. 1990).

The same is true here: Good cause exists to allow this timely filed (though inadvertently filed as if all parties had consented) brief to be considered.

Finally, it bears emphasizing that Proposed *Amici* come, hat in hand, with a modest request: that this Court simply consider their expert perspectives on this incredibly important matter, like it will do for all of the other *amici* appearing in this case.

| | |
|---|---|
| Dated: June 26, 2024 | Respectfully submitted, |
| | PROPOSED *AMICI CURIAE* CORPORATE AND SECURITIES LAW EXPERTS |
| | By their attorneys, |
| | */s/ Shannon Liss-Riordan*<br>Shannon Liss-Riordan, CAB # 77877<br>Jack Bartholet, CAB # 1211802<br>LICHTEN & LISS-RIORDAN, P.C.<br>729 Boylston Street, Suite 2000<br>Boston, MA 02116<br>Telephone: (617) 994-5800<br>Facsimile: (617) 994-5801<br>sliss@llrlaw.com<br>jbartholet@llrlaw.com |

UNITED STATES COURT OF APPEALS

For the First Circuit
Appeal No. 24-1265

_____

**Certificate of Compliance With Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements**

_____

1. This Reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains 1159 words, excluding the parts exempted by Fed. R. App. P. 27(a)(2)(B).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14 point.

*/s/ Shannon Liss-Riordan*
Attorney for *Amici Curiae*

Dated: June 26, 2024

UNITED STATES COURT OF APPEALS

For the First Circuit
Appeal No. 24-1265

_____

**Certificate of Service**

_____

I hereby certify that, on June 26, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system, which will send a notification of such filing to all counsel of record.

/s/ Shannon Liss-Riordan
Attorney for *Amici Curiae*

Dated: June 26, 2024